JAMES KILLEN, WILLIAM KILLEN, ANN KILLEN AND ELIZABETH KILLEN, infants, by THOMAS REED, their guardian.

*vs.*

JOHN ADAMS, executor of BENJAMIN DOWNS.

*Kent, Feb. T.* 1822.

The Statute which provides that no suit at law for a legacy shall be instituted against an executor until security to refund, in case of a deficiency of assets, be given or tendered, does not control the Court of Chancery.

This Court has, by virtue of its general jurisdiction, the power to require of any complainant, in a proper case, security or indemnity. To adopt the Statute would narrow the power already held, and which is more ample for purposes of complete justice than is the authority given by the Statute to courts of law.

BILL IN EQUITY FOR A LEGACY—SECURITY.—This was a bill filed on behalf of the complainants to recover from the defendant, as executor of the last will and testament of Benjamin Downs dec'd, a legacy of $50.00 bequeathed to each of the complainants by the testator, to be paid in one year after his decease.

The defendant filed the following plea, viz : " That no " offer hath been made to the said defendant by the com- " plainants, or either of them, of any surety, nor hath any " surety been given to him, that if any part or the whole " of the said legacies shall, at any time hereafter, appear to " be wanting to discharge any debt or debts, legacy or " legacies, which he this defendant, executor as aforesaid, " shall not have other assets to pay, that then the said leg- " atees respectively will return their said legacies, or such " part thereof as shall be necessary for the payment of " said debts, or for the payment of a proportional part of " said legacies, nor any surety whatever of like purport or " effect; all which matters the said defendant doth aver and " plead in bar of the complainants' said bill of complaint; " and he prays to be hence dismissed, with his reasonable " costs."

The cause came before the Chancellor upon the plea.

*Hall,* for the defendant, insisted that the Statute which requires, in a suit at law for a legacy, that security be given or tendered, to refund in the event of a deficiency of assets (1 Laws of Del. 410, sec. 6,)* should govern the Court of Chancery also; that equity follows the law and

*See, for present corresponding statute, Rev. Code, 305.

adopts its principles in relation to the same subject. He cited 4 *Burns' Ecc. Law,* 300, 320 : 2 *Ves. Sr.* 194 : 3 *Bac. Abr. Legacies, H.* 482.

   *T. Clayton,* for the complainants.

   RIDGELY, CHANCELLOR.—Were the Act of Assembly to regulate the proceedings in this Court, it would defeat the powers of the Court; for in all cases, where the security was given according to the Act, the Court would be obliged to decree a payment, without the power of imposing any terms, however proper, just as a court of law would be. Already, the Court may compel a complainant to give security to refund, or to indemnify the executor, and it is not necessary to adopt by analogy any new power or authority under the Act. That Statute applies strictly to cases at law, and gives the courts of common law a jurisdiction. which they did not possess, but which this Court possesses more amply than is given by the Act to courts of law. By the *Stat.* 2 *Geo.* 2, *c.* 23, *sec.* 23, an attorney cannot bring an action unless he has delivered his bill one month; but he may take out a commission of bankruptcy for fees, while his bill is under taxation. The reason, Lord Eldon says, is that a commission of bankruptcy, being a prompt remedy, the object would be defeated by waiting a month. 15 *Ves. Jr.* 479, 480, 487, 489. To him the remedy in this Court being more complete, an adoption of the Statute would narrow the power of the Court, so that in all cases complete justice might not be done.

   The plea was overruled and the defendant ordered to answer.